**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,          )
                                     )
     v.                    )
                                     )     I.D. No. 2308015527
DASHAWN GROCE A.K.A. FRIEND,   )
                                     )
      Defendant.          )

## ORDER

Submitted: April 1, 2024
Decided: April 4, 2024

***Upon Defendant's Amended Motion to Suppress***
**DENIED**

Before the Court is an Amended Motion to Suppress filed by Defendant Dashawn Groce (hereinafter "Defendant") seeking suppression of evidence obtained in the course of a warrantless administrative search of his home. For the reasons that follow, Defendant's Amended Motion to Suppress is **DENIED**.

1. Defendant's Amended Motion to Suppress[1] was filed on March 11, 2024, and the State's response was filed on April 1, 2024.

2. Defendant argues that 11 *Del. C.* § 4321(d), which addresses warrantless searches of probationers, is unambiguous and allows searches only of probationers' persons, not of their homes.

3. The State agrees that 11 *Del. C.* § 4321(d) is unambiguous but argues, contrary to the defense, that the statute authorizes searches of probationers' homes

---

[1] Defendant initially filed a draft version of the motion in error on March 8, 2024.

1

as well as their persons. The State argues in the alternative that, should the Court find the statute ambiguous, available legislative history establishes the General Assembly's intent to codify the then-current practice of allowing probation officers to search probationers' homes as well as their persons.

4.      In an earlier decision, *State v. Young*,[2] the Court dealt with the precise issue raised by Defendant here. There, the Court determined that the statute in question, 11 *Del. C.* § 4321(d), is ambiguous.   The Court then held that the legislative history of the statute demonstrates that the General Assembly's intent was to authorize searches of individual probationers' homes as well as their persons,[3] and that the principles of *stare decisis* also support the interpretation of the statute that the Delaware Supreme Court and other courts have followed for decades, i.e., that the statute authorizes warrantless searches of probationers' homes as well as their persons.[4]

5.      Because Defendant's motion, like the motion decided in *Young*, raises only legal, not factual issues, and because the arguments set forth in Defendant's motion are nearly identical to those submitted by the defendant in *Young*, the Court finds that argument or other hearing is not necessary to the decision of this motion. Accordingly, for the same reasons given by this Court in *Young*, the Court finds that the search of Defendant's home was authorized by 11 *Del. C.* § 4321(d), and the Court therefore finds that the evidence discovered as a result of that search should not be suppressed.

Wherefore, for the foregoing reasons, Defendant's Amended Motion to Suppress is **DENIED**.

---

[2] 2024 WL 386216 (Del. Super. Jan. 31, 2024).
[3] *Id.* at *9.
[4] *Id.*

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge


NEP/tls
*Via Email*
oc:  Prothonotary
cc:  Counsel of Record